UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JO ANNA CANZONERI McCORMICK,

        Plaintiff,[1]                      **MEMORANDUM
                                                      DECISION AND ORDER**

  -against-
                                                         11-CV-6273 (BMC)

INTERNAL REVENUE SERVICE (IRS),
a business entity, et al.,

        Defendants.[2]
-------------------------------------------------------------------x
**COGAN**, District Judge.

Plaintiff Jo Anna Canzoneri McCormick, appearing *pro se*, filed this action seeking damages on December 20, 2011. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order, but the action is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B).

## **BACKGROUND**

The complaint is impossible to decipher and lists hundreds of defendants. Plaintiff states in the caption that the bases for her claims are: "personal injury, health, education, employment, medical, insurance, contracts, negligence, torts, discrimination and fraud, murder, constitutional and civil rights." Plaintiff's concerns appear to arise from an injury sustained by a young child who, more than twenty years ago, fell into a pit on a construction site located in Alhambra, California. Plaintiff appears to allege that various doctors and municipal entities failed to

---

[1] Additional plaintiffs are named in the caption, including a minor "Krystal McCormick," "Natasha McCormick" as well as "John Does 1-1000" and "Jane Does 1-1000." The Court addresses this complaint as filed only by Jo Anna Canzoneri McCormick as she is the only one to sign the complaint and to submit an *in forma pauperis* request. Any claims related to "Krystal McCormick" are dismissed without prejudice.

[2] The above-referenced caption is abbreviated. The caption listing the defendants consists of at least fourteen pages of names. Most of the defendants are located in California.

respond appropriately to this accident. Her complaint also makes reference to a prior lawsuit regarding this incident.

A few days prior to filing the instant complaint, plaintiff filed eight complaints against numerous defendants alleging that she is the "inventor" of a product named "Shake Ice Cold, Frozen or Malt" and that the defendants had unlawfully appropriated her idea. See McCormick v. Good Humor, et al., Nos. 11-CV-6206, 11-CV-6207, 11-CV-6208, 11-CV-6209, 11-CV-6210, 11-CV-6211, 11-CV-6212, and 11-CV-6213 (BMC). By Memorandum Decision and Order dated December 22, 2011, those cases were dismissed as frivolous. See id.

Plaintiff also filed an action against the United States and more than thirty other defendants in September, 2011. See McCormick v. United States, et al., No. 11-CV-4279 (BMC). By Memorandum Decision and Order dated September 13, 2011, the Court dismissed the complaint under Rule 8 of the Federal Rules of Civil Procedure because it was incomprehensible. Although the Court granted plaintiff leave to file an amended complaint, plaintiff did not respond to the Court's Order and judgment was entered dismissing the complaint on October 20, 2011.

## **DISCUSSION**

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted). A claim is said to be based on an "indisputably meritless legal theory" when it "lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." Id. (internal quotation marks and citation omitted). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999).

To the extent the Court can decipher the complaint, plaintiff apparently seeks to relitigate personal injury claims arising from an event that occurred more than two decades ago in Alhambra, California. But the complaint gives no indication that any of the defendants (or the plaintiff, for that matter) was involved in this incident in any way. The complaint therefore "lacks an arguable basis in law," as it provides no grounds for imposing liability on any of the defendants. See Livingston, 131 F.3d at 437.

Even if plaintiff had a valid personal injury claim under California state law when this incident occurred, the statute of limitations would have expired two years after the cause of action accrued. See Rhodes v. Robinson, No. 02-CV-05018, 2011 WL 6367746, *7 (E.D.Cal. Dec. 19, 2011) (citing Cal. Civ. Proc. Code § 335.1 (2009)). A "dispositive defense" therefore "clearly exists on the face of the complaint." See Livingston, 131 F.3d at 437. Plaintiff's submission provides no reference to any other events that could conceivably give rise to federal

jurisdiction or that could justify venue in the Eastern District of New York. The complaint is therefore frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure provides an additional basis for dismissing her complaint. Rule 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." According to the Supreme Court, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Plaintiff's complaint has been read liberally and generously, but it still remains difficult to comprehend and contains no facts to show that an action against any of the defendants listed in the fourteen-page caption would properly lie in this district.

Finally, as set forth above, plaintiff has now filed nine frivolous lawsuits in one week. As a result, the Court has expended substantial judicial time and resources on plaintiff's claims. The Court hereby warns plaintiff that if she continues to engage in similar conduct by filing frivolous or incomprehensible complaints, the Court will consider sanctions, including the imposition of a filing injunction. "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard).

## **CONCLUSION**

For the reasons set forth above, the complaint is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court declines to allow plaintiff leave to file an amended complaint, as amendment would be futile. The Court hereby warns plaintiff against the continued filing of frivolous complaints. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

Signed electronically/Brian M. Cogan<br>U.S.D.J.

Dated: Brooklyn, New York
      December 30, 2011